**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) <br> ) <br> Bostwick Laboratories, *et al.*,[1] ) <br> ) <br> Debtors. ) <br> ) <br> ───────────────────────────── ) <br> ) <br> JAMES PATRICK CARROLL, as Plan ) <br> Administrator for the Post-Effective Date ) <br> Debtors, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEDICAL DIAGNOSTIC LABORATORIES, ) <br> LLC, ) <br> ) <br> Defendant. ) <br> ───────────────────────────── ) | Chapter 11 <br><br> Case No. 17-10570 (BLS) <br> (Jointly Administered) <br><br><br><br><br><br><br><br><br><br> Adv. Proc. No. 19-50159 (BLS) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO:
(I) AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND
550; AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

The above-captioned defendant (the "Defendant"), by and through its undersigned attorneys, hereby submits this *Answer and Affirmative Defenses* in response to the *Complaint to: (I) Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550; and (II) Disallow Claims Pursuant to 11 U.S.C. § 502(d)* [Docket No. 1] (the "Complaint") in the above-captioned adversary proceeding.

---

[1] The Debtors are the following entities (last four digits of the EIN in parentheses): (i) Bostwick Laboratories, Inc., a Delaware corporation (3169); and Bostwick Laboratories Holdings, Inc., a Delaware corporation (1042). The mailing address for the Debtors is 100 Charles Lindbergh Blvd., Uniondale, NY 11553.

## ANSWER

Defendant answers the individually numbered paragraphs of the Complaint as follows:

## NATURE OF THE CASE

1.      Paragraph 1 of the Complaint sets forth the relief sought by above-captioned plaintiff (the "Plaintiff"), the basis and particular statutory provisions on which the Complaint is based on, and appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 1 of the Complaint, and specifically denies that the Plaintiff is entitled to the relief referenced therein.

2.      Paragraph 2 of the Complaint sets forth the relief sought by Plaintiff, the basis and particular statutory provisions on which the Complaint is based on, and appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 2 of the Complaint, and specifically denies that the Plaintiff is entitled to the relief referenced therein.

3.      Paragraph 3 of the Complaint sets forth Plaintiff's statement that the Plaintiff seeks relief pursuant to section 502 of the United States Code to which no response by Defendant is required.

## JURISDICTION AND VENUE

4.      The allegation in Paragraph 4 of the Complaint is a legal conclusion to which no response is required.

5.      Paragraph 5 of the Complaint sets forth statutory basis for the Complaint to which no response is required. Paragraph 5 of the Complaint also provides for the Plaintiff's consent to the entry of final orders or judgments by this Court in the event it is determined that the Court cannot enter final orders or judgments.

6. Defendant admits the allegation set forth in paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in paragraph 7 of the Complaint. To the extent any claim asserted in the Complaint is not a core proceeding under 28 *U.S.C. § 157*, Defendant consents to the entry of final judgment and order by the Bankruptcy Court.

## BACKGROUND

**A.    The Parties**

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant denied the allegations in paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

**B.    Events Leading to the Debtors' Chapter 11 Filing**

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

23. Defendant admits the allegation in paragraph 23 of the Complaint that the Debtors filed chapter 11 petitions on March 15, 2017. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs.

24. Paragraph 24 of the Complaint states that Plaintiff may become aware of additional transfers to the Defendant that occurred in the ninety (90) day period prior to the Debtors bankruptcy filing that are not otherwise set forth in the Complaint; no response to any of the statements contained in paragraph 24 of the Complaint is required by the Defendant at this time.  In the event Plaintiff becomes aware of any additional transfers, the Defendant reserves the right to object or otherwise respond to same.

25. Paragraph 25 of the Complaint sets forth Plaintiff's intent to avoid all transfers made by the Debtors to which no response by the Defendant is required.

26. Paragraph 26 of the Complaint contains Plaintiff's reservation of rights to amend the Complaint to which no response by the Defendant is required at this time.  In the event Plaintiff seeks to amend the Complaint, Defendant reserves the right to object to any such request.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**(Avoidance and Recovery of Preferential Transfers)**

27. Defendant adopts and incorporates by reference its answers to paragraphs 1-26 of the Complaint as if fully set forth herein.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore denies them and leaves the Plaintiff to his proofs. Moreover, Defendant denies that the disputed transfers referenced in paragraph 28 of the Complaint are "Preference Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

29. Defendant denies the allegation set forth in the paragraph 29 of the Complaint that the transfers that are the subject of the Complaint were transfers "of property interest of the

Debtors . . . ." Moreover, Defendant denies that the disputed transfers referenced in paragraph 29 of the Complaint are "Preference Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

30. Defendant denies the allegations in paragraph 30 of the Complaint. Moreover, Defendant denies that the disputed transfers referenced in paragraph 30 of the Complaint are "Preference Transfers" and objects to Plaintiff's characterization of the disputed transfers as such.

31. Defendant denies the allegation set forth in the paragraph 31 of the Complaint that any of transfers that are the subject of the Complaint were made on account for an antecedent debt. Moreover, Defendant denies that the disputed transfers referenced in paragraph 31 of the Complaint are "Preference Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

32. In response to paragraph 32 of the Complaint, Defendant states that section 547(f) of the United States Code speaks for itself, and Defendant denies any allegation set forth in paragraph 32 that is inconsistent therewith. Defendant is without knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint, and therefore denies them and leaves the Plaintiff to his proofs.

33. Paragraph 33 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is necessary, the Defendant denies all allegations in paragraph 33 of the Complaint. Moreover, Defendant denies that the disputed transfers referenced in paragraph 33 of the Complaint are "Preference Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

35567033.2 07/03/2019

34. Paragraph 34 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is necessary, the Defendant denies all allegations in paragraph 34 of the Complaint. Moreover, Defendant denies that the disputed transfers referenced in paragraph 34 of the Complaint are "Preference Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

35. Paragraph 35 of the Complaint asserts a legal conclusion to which no response is required. To the extent a response is necessary, the Defendant denies all allegations in paragraph 35 of the Complaint. Moreover, Defendant denies that the disputed transfers referenced in paragraph 35 of the Complaint are "Preference Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

36. Defendant denies all allegations set forth in paragraph 36 of the Complaint. Moreover, Defendant denies that the disputed transfers referenced in paragraph 36 of the Complaint are "Preference Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

## SECOND CAUSE OF ACTION
### (Avoidance and Recovery of 90-Day Fraudulent Transfers)

37. Defendant adopts and incorporates by reference its answers to paragraphs 1-36 of the Complaint as if fully set forth herein.

38. Defendant denies all allegations in this paragraph. Moreover, Defendant denies that the disputed transfers referenced in paragraph 38 of the Complaint are "90-Day Fraudulent Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

39. Defendant denies all allegations in this paragraph. Moreover, Defendant denies that the disputed transfers referenced in paragraph 39 of the Complaint are "90-Day Fraudulent Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

40. Defendant denies all allegations set forth in paragraph 40 of the Complaint. Moreover, Defendant denies that the disputed transfers referenced in paragraph 40 of the Complaint are "90-Day Fraudulent Transfers" and hereby objects to Plaintiff's characterization of the disputed transfers as such.

### THIRD CAUSE OF ACTION
### (Disallowance of Claims)

41. Defendant adopts and incorporates by reference its answers to paragraphs 1-40 of the Complaint as if fully set forth herein.

42. Defendant only admits that it has not returned the disputed transfers to Plaintiff because Plaintiff has no entitlement at law to the return of the whole or any part of the disputed transfers. Defendant denies all other allegations set forth in paragraph 42 of the Complaint, including the allegation that any of the transfers that are the subject of the Complaint are preferential or fraudulent in nature.

43. Defendant only admits that it has not returned the disputed transfers to Plaintiff because Plaintiff has no entitlement at law to the return of the whole or any part of the disputed transfers. Defendant denies all other allegations set forth in paragraph 43 of the Complaint.

### **RESERVATION OF RIGHTS**

To the extent a response is necessary, Defendant states Plaintiff is barred by the statute of limitations from asserting and/or amending the Complaint to add additional causes of action under 11 *U.S.C. §§* 542, 544, 545, 547, 548, 549 and 550. Additionally, Defendant reserves the right to amend this Answer.

## AFFIRMATIVE DEFENSES

Further answering by way of defense to the Complaint, Defendant states the following:

### First Defense

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case for recovery under 11 *U.S.C.* §§ 502, 547, 548 and 550, and by this failure has failed to state a claim upon which relief may be granted.

### Second Defense

To the extent the Debtor transferred any interest in property, Plaintiff is barred from recovery under 11 *U.S.C.* §547(c)(2) because the alleged payments were (a) in payment of debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant; and (b) made in the ordinary course of business of financial affairs of the Debtors and Defendant; or (c) made according to ordinary business terms.

### Third Defense

To the extent the Debtor transferred any interest in property, Plaintiff is barred from recovery under 11 *U.S.C.* §547(c)(4) because after the challenged transfers were received Defendant provided new value that was not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

### Fourth Defense

To the extent the Debtor transferred any interest in property, Plaintiff is barred from recovery under 11 *U.S.C.* § 547(c)(1) because the challenged transfers were intended by the parties to constitute at the time made a contemporaneous exchange for new value given to the Debtors and did in fact constitute a substantially contemporaneous exchange.

### Fifth Defense

Plaintiff is barred from recovery under the doctrine of laches and/or under the applicable statute of limitations.

### Sixth Defense

Plaintiff lacks proper authority, capacity and/or standing to bring this action.

### Seventh Defense

Plaintiff is barred by the statute of limitations from asserting and/or amending the Complaint to add additional causes of action under 11 *U.S.C.* §§ 542, 544, 545, 547, 548 and 549.

### Eighth Defense

Plaintiff is barred from recovery to the extent of the priority which would have been afforded Defendant pursuant to 11 *U.S.C. §* 507(a)(4) had the alleged preferential payments not been made and Defendant received payment to the extent provided by the provisions of the United States Bankruptcy Code.

### Ninth Defense

To the extent Defendant was a creditor of the Debtors, Plaintiff's Complaint is barred to the extent that it violates public policy related to encouraging creditors to continue to extend credit to distressed businesses.

### Tenth Defense

Defendant reserves the right to identify additional affirmative defenses during or following discovery in this adversary proceeding.

WHEREFORE, Defendant respectfully requests that (a) the Complaint be dismissed with prejudice; (b) Plaintiff take nothing by way of its Complaint; (c) Defendant be awarded its reasonable attorneys' fees, costs and expenses in this action; and (d) this Court grant such other and further relief as determined to be just and proper.

Dated: July 3, 2019 **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone:  (302) 421-6898
Fax:  (302) 421-5864
luke.murley@saul.com

-and-

Dipesh Patel
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1520
Newark, NJ  07102-5426
Telephone:  (973) 286-6718
Fax:  (973) 286-6818
dipesh.patel@saul.com